UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
NORTHERN DIVISION

| | | |
|---|---|---|
| BRIAN CORF, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 2:18-CV-61 JMB |
| | ) | |
| JASON WILHOIT, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on the motion of plaintiff, Brian Corf[1], for leave to commence this action without payment of the required filing fee.[2] The Court finds that plaintiff does not have sufficient funds to pay the entire filing fee and will grant plaintiff's motion to proceed in forma pauperis. Furthermore, based upon a review of the complaint, the Court will dismiss this action pursuant to 28 U.S.C. § 1915(e).

### 28 U.S.C. § 1915(e)

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court may dismiss a complaint filed in forma pauperis if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. An action is frivolous if "it lacks an arguable basis in either law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 328 (1989). An action is malicious when it is undertaken for the purpose of harassing litigants and not for the purpose of vindicating a cognizable right. *Spencer v. Rhodes,* 656 F. Supp. 458, 461-63 (E.D.N.C. 1987), *aff'd* 826 F.2d 1059 (4th Cir. 1987).

---

[1] At the time plaintiff filed the instant action, he was incarcerated at South Central Correctional Center ("SCCC"). He has since been released from custody.
[2] Plaintiff has filed a copy of his prison account statement which the Court construes as a request to proceed in forma pauperis.

To determine whether an action fails to state a claim upon which relief can be granted, the Court must engage in a two-step inquiry. First, the Court must identify the allegations in the complaint that are not entitled to the assumption of truth. *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1950-51 (2009). These include "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements." *Id.* at 1949. Second, the Court must determine whether the complaint states a plausible claim for relief. *Id.* at 1950–51. This is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 1950. The plaintiff is required to plead facts that show more than the "mere possibility of misconduct." *Id.* The Court must review the factual allegations in the complaint "to determine if they plausibly suggest an entitlement to relief." *Id.* at 1951. When faced with alternative explanations for the alleged misconduct, the Court may exercise its judgment in determining whether plaintiff's proffered conclusion is the most plausible or whether it is more likely that no misconduct occurred. *Id.* at 1950, 1951–52.

In reviewing a pro se complaint under § 1915(e)(2)(B), the Court must give the complaint the benefit of a liberal construction. *Haines v. Kerner,* 404 U.S. 519, 520 (1972). The Court must also weigh all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless. *Denton v. Hernandez,* 504 U.S. 25, 32–33 (1992); *Scheuer v. Rhodes,* 416 U.S. 232, 236 (1974).

**Background**

Plaintiff filed this action on July 20, 2018 pursuant to 42 U.S.C. § 1983 alleging violations of his civil rights. At the time he filed his case he was incarcerated at South Central Correctional Center ("SCCC"). He names as the sole defendant in this action his probation

officer Jason Wilhoit from Missouri Board of Probation and Parole, and he sues him in both his individual and official capacities.

Plaintiff claims that on June 4, 2017, plaintiff submitted a urine sample at defendant Wilhoit at defendant's place of employment, the Missouri Probation and Parole Office located in Chariton County, Missouri. Plaintiff claims he was prohibited from "initialing the seal" on the container at that time. And he asserts that defendant Wilhoit did not properly label the container prior to placing it in the refrigerator at his office. Plaintiff alleges that there were several other urine specimens in the refrigerator along with his own specimen. Plaintiff does not indicate how those specimens were labeled.

Plaintiff states that he was informed on June 11, 2017, that the urinalysis results revealed a positive test result for methamphetamine, but a negative result for the presence of benzodines. Plaintiff purports that he has never used methamphetamine but he has used Klonopin (a benzodine) twice daily for the past five years. Plaintiff asserts that he told defendant Wilhoit that he had not signed the urine specimen and he asked who signed it. Defendant told him he signed it and he stated that this was his usual course of business. Plaintiff asked to be retested. He alleges that the retest showed a positive result only for the benzodines. Nevertheless, defendant Wilhoit filed a memorandum with the Missouri State Court recommendation revocation of plaintiff's probation based on the earlier test result on July 17, 2017. Plaintiff states that the Court revoked his probation on August 14, 2017.

Plaintiff seeks monetary damages from defendant Wilhoit.

**Discussion**

The Court has reviewed plaintiff's criminal case and finds that plaintiff's claims against defendant Wilhoit are barred under the Supreme Court's holding in *Heck v. Humphrey*, 512 U.S. 477 (1994) and *Edwards v. Balisok*, 520 U.S. 641, 643, 648 (1997)[3] and therefore subject to dismissal. *See also*, *Newmy v. Johnson*, 758 F.3d 1008, 1011-12 (8th Cir. 2014) (district court properly dismissed plaintiff's complaint because judgment for plaintiff would necessarily imply the invalidity of the parole revocation); and *Flying Horse v. Hansen*, 691 Fed. Appx. 299, 300 (8th Cir. 2017) (*Heck* bar applied to plaintiff's claim for damages after revocation of parole, because "a judgment in his favor would render the parole revocation invalid").

In *Heck*, the Supreme Court held that, in order to recover damages for an allegedly unconstitutional conviction or sentence, or for harm caused by actions that would render a conviction or sentence invalid, a § 1983 plaintiff must first prove that his conviction or sentence has been reversed, expunged, declared invalid by a state tribunal, or called into question by a federal court's issuance of a writ of habeas corpus.

In the case at bar, plaintiff's claims are *Heck*-barred in light of the state court findings, after a full hearing on plaintiff's probation violations that he did, indeed, violate his conditions of probation. However, contrary to plaintiff's assertions, the motion to revoke plaintiff's probation was filed in plaintiff's criminal case on November 8, 2016. It simply was not heard by the Court until February 27, 2017, when at that time, plaintiff agreed he had several unexcused and unjustified violations of substantial conditions of his probation.

---

[3] *Edwards v. Balisok*, 520 U.S. 641, 643, 648 (1997) (42 U.S.C. § 1983 action for damages and declaratory relief based on prison disciplinary proceedings resulting in loss of good-time credit is barred if success would imply invalidity of punishment imposed).

At the hearing, plaintiff agreed that he would undertake electronic monitoring and successfully complete outpatient substance abuse counseling, in addition to writing an apology letter to his Probation and Parole Officer. *See State v. Corf*, No. 13SA-CR00467-01 (Saline County Circuit Court). Plaintiff had to post a $10,000 personal recognizance bond at the hearing due to one of his probation violations being that he had traveled to California without permission from his probation officer.

After plaintiff violated the conditions of his confinement again in April of 2017, another probation violation hearing was set for July 24, 2017. Plaintiff failed to appear and a warrant was issued for his arrest. Plaintiff was represented by counsel at the probation violation hearing on August 14, 2017, whereupon his probation was revoked at that time, in part because he had previously been found to have unjustified violations of substantial conditions of his probation on February 27, 2017. *Id.*

It was at this hearing that the previously imposed sentence of seven (7) years in the Missouri Department of Corrections for tampering with a motor vehicle was entered. *Id.*

Similarly, in *State v. Corf*, No. 14CR-CR00181-01 (Carroll County Court), plaintiff also had difficulty abiding by his probation restrictions. Although plaintiff was originally sentenced as a persistent offender, for felony DWI, and driving on a revoked or suspended sentence (second offense), he was originally given a Suspended Execution of Sentence on March 10, 2015 after his guilty pleas in the case. Nevertheless, plaintiff had a probation violation filed in his case by October of 2015, and a finding by the Court of a violation on February 2016. *Id.*

On March 6, 2017, plaintiff was directed by the Court to enter and complete out-patient treatment and be monitored on a Sobrietor for a minimum of 120 days after the Court found that

he had violated three conditions of his probation in his case. Additionally, with an additional violation report filed on July 24, 2017, the Court had another full hearing on the violations on October 12, 2017, making a finding at that hearing that plaintiff's violations were substantial. The Court revoked the Suspended Execution of Sentence and imposed the five year sentence in the Missouri Department of Corrections in that hearing. *Id.*

The *Heck* doctrine derives from the existence of a valid conviction, not the mechanism by which the conviction was obtained (such as admissions by the defendant), so it is irrelevant that plaintiff entered guilty pleas in his original sentences or admitted to his probation violations in some or all of his revocation hearings. Accordingly, before proceeding with his claims against defendant Wilhoit, plaintiff must show that his state revocations have been reversed, expunged, or called into question, which, to date, he has not alleged or demonstrated. This he has failed to do. For these reasons, the Court will dismiss this action pursuant to 28 U.S.C. § 1915(e) as *Heck*-barred.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis [Doc. #4] is **GRANTED**.

**IT IS FURTHER ORDERED** that that this action is subject to dismissal, pursuant to 28 U.S.C. § 1915(e), as the claims are barred by the doctrine of *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994).

**IT IS FURTHER ORDERED** that an appeal of this dismissal would not be taken in good faith.

A separate Order of Dismissal shall accompany this Memorandum and Order.

Dated this      7th      day of January, 2019.

\s\   Jean C. Hamilton
JEAN C. HAMILTON
UNITED STATES DISTRICT JUDGE